IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST.LOUIS DIVISION

SCANNED AT PINCKNEYVILLE CC and E-mailed 10/4/18 by CO 11 pages
date initials No.

| | | |
|---|---|---|
| FIRAS M. AYOUBI | § | |
| Plaintiff, | § | CIVIL ACTION NO: 18-cv-1806-JPG-SCW |
| vs. | § | |
| | § | The Honorable: United States District Judge |
| HANESBRANDS INC.; KEEFE GROUP L.L.C.; ACCESS CATALOGUE COMPANY, | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff FIRAS M. AYOUBI, complains against the defendants, HANESBRANDS INC., KEEFE GROUP L.L.C. and ACCESS CATALOGUE CO. (Collectively referred to as "Defendants") as follows:

## PRELIMINARY STATEMENT

This is a civil action arising from, and seeking damages against the defendants whom, manufactured, distributed, marketed and sold products which were known to be, and in fact were defective in design, labels and packaging. Particularly, HANESBRANDS, KEEFE, and ACCESS CATALOGUE COMPANY (hereinafter "Access Co.") knowingly sold defective or otherwise factory reject t-shirts to the plaintiff and other prison populations. Plaintiff claims Strict Liability against Hanesbrands Inc. under defective design and breach of warranty theories in that, the product failed to perform as a reasonable consumer would expect. They advertised a "lay flat collar" that "will never lose it's shape", when in fact it comes defective right out of the packaging and not what it's purported to be and after washing as directed, instantly loses more shape and continuity. Plaintiff also claims fraudulent concealment, negligent misrepresentation, unjust enrichment, and claims under the Illinois Consumer Fraud and Deceptive Business Practice act 815 ILCS 505/1 et seq against

the Defendants. In that, while in the course of interstate commerce and trade, jointly agreed to purchase/sell a knowingly defective product while obtaining benefit from plaintiff and other consumer's detriment and fraudulently concealing the known defect in the product, among other things. Plaintiff seeks compensatory and punitive damages against the defendants.

## THE PARTIES

- Firas Ayoubi, the plaintiff at all times relevant was a resident of Pinckneyville, Illinois and a citizen of the state of Illinois. He is currently incarcerated at the Pinckneyville Correctional Center at 5835 State Route 154, Pinckneyville,IL,62274.

- Hanesbrands Inc., a Defendant at all relevant times was engaged in interstate commerce and trade with Keefe Group L.L.C. and Access Catalogue Company as well as the PCC. Hanesbrands is a citizen of the state of North Carolina at PoBox: 3013, Winston-Salem, NC, 27102.

- Keefe Group L.L.C. a defendant at all times relevant was engaged in interstate commerce and trade with Hanesbrands and Access Co. as well as the PCC. Keefe Group is a citizen of the state of Missouri at:

- Access Catalogue Company, A Defendant at all times relevant was engaged in interstate commerce and trade with Keefe and Hanes. They are a citizen of Missouri at 13870 Corporate Woods Trail, Bridgeton, MO, 63044. Access Co is a Keefe subsidiary or otherwise a Keefe afilliate.

## JURISDICTION

The parties are citizens of different states, Missouri, North Carolina and Illinois. The amount in controversy is $75,000 or greater. This action raises claims and questions of statutory state law such as the ICFA 815 ILCS 505/1 et seq. And state tort/common law claims such as strict liability under different theories (defective design and breach of warranty), fraudulent concealment, negligent misrepresentation and unjust enrichment. Jurisdiction under Federal Diversity Citizenship Jurisdiction is conferred by 28 U.S.C §1332(a), the acts complained of herein took place in the Pinckneyville Corr. Center (the purchase) Venue is therefore proper in the U.S.District Court, Southern Dist. of Illinois under 28 U.S.C §1391(b).

## STATEMENT OF FACTS

(facts pertinent to all counts)

1: On or about January 2018, Firas Ayoubi (hereinafter the "plaintiff") was transferred to the Pinckneyville Correctional center. Part of the IDOC.

2: Pinckneyville C.C. provides a commissary for inmates and for staff members. The commissary allows inmates and staff to buy various products which includes but is not limited to food, clothes, and hygiene products.

3: Particularly, they sell a Hanesbrand t-shirt product which consists of 3 white t-shirts. Sealed in original Hanes packaging which identifies the product as "Hanes tagless t-shirts" with a trademarked "wicking cool comfort fabric" and a "lay flat collar" with "preshrunk cotton".

4: Pinckneyville obtains this and most products which includes Hanesbrand tagless t-shirts from Keefe and Access co.. Commissary distributors who obtains products from manufacturers for the purpose of selling to inmates. Access is a afilliate/subsidiary of Keefe.

5: At all times relevant, PCC was purchasing or otherwise aquiring the Hanes t-shirts from Keefe and Access Co.

6: Keefe/Access intentionally purchases defective products on a regular basis for purposes of obtaining cheaper inventory for a greater profit. And omit the products defective nature from the consumer.

7: Hanes knew of their products defective design and factory reject nature and formulated a deal with Keefe/Access to sell the product anyway for the purpose of targeting it to inmate and prison populations.

8: Hanes had the requisite knowledge that the shirts were defective in design and substance before they packaged it. It was defective at the time it left Hanes's control.

9: Hanes packaged the shirts in a package that identified them as "lay flat collar that will never lose its shape" and with a "perfect fit" wash after wash while knowing that it was defective and had a mishaped collar and defective sleeve seems etc. That will strech further after washing and certainly not a "perfect fit".

10: Hanes however didn't decide to reconstitute the shirts or re-manufacture them or donate them, those would have been more expensive options.

11: Instead, they ventured with Keefe/Access Co. to package it as a normal shirt they sell in other locations with components not found in competitive brands (e.g. lay flat collar) and deceive the purchaser and market it and sell it fraudulently to obtain profit.

12: Keefe/Access then sells the defective shirts to PCC at a high cost which winds up being sold to inmates for approx $16.00 for a pack of 3 t-shirts. More than what their sold for to the public.

13: Keefe/Access co. not surprisingly, have a common practice of purchasing factory defective products from many manufacturers, including Hanes, in order to obtain greater profit.

14: Hanes shirt packaging provided a warranty or implied warranty to the condition and performance of the product. That this lay flat collar "will never lose its shape" and fit "perfect" wash after wash.

15: The package's markings were not consistent with the true nature and performance of the product.

16: It was intentionally packaged in such a way to deceive the purchaser.

17: Plaintiff did not expect the shirts to come with such a defect because of the promises in the label and its expensive cost.

18: Plaintiff continued to purchase this product hoping to come up on a good batch and assumed it was a isolated incident. He learned that they were all defective in design, substance, continuity and labeling. They were falsely advertised and fraudulent.

19: Not PCC, Hanes, Keefe or Access Co. notified the plaintiff of the true nature of the product.

20: Hanes, Keefe and Access relied upon the false statements when marketing and selling it to plaintiff.

21: Defendants made profit off of plaintiffs detriment. Being a consumer and having the right to know about the true nature of their product and his status as a prisoner and not having many choices.

22: The product was also, and remained defective at the time it left Keefe/Access's control. It remained sealed in Hanes packaging.

23: The sealed t-shirts remained sealed in their original factory packaging, untampered at the time it left PCC's control at the point of sale.

**COUNT 1**

**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT 815 ILCS 505/1 et seq AGAINST KEEFE GROUP L.L.C., ACCESS CATALOGUE COMPANY AND HANESBRANDS INC.**

24: Plaintiff incorporates by reference paragraphs 1-23 as though fully set forth in this count 1.

25: Hanesbrands failed to disclose a known defect in its product in design, substance and continuity.

26: Hanesbrands knew of a substantial defect in their product before they packaged it. And knowingly packaged it into a package that identified the product as something Hanes knew it was not. That it had a lay flat collar that never loses its shape. And fits perfect no matter how many times it was washed.

27: Hanes acted in deliberate falsehood in the manufacture, and market and sale of their product. And further ventured into an agreement with Keefe/Access, in tandem, to conspire in this falsehood to make profit for their companies.

28: Hanes made a choice to fraudulently market and sell a defective product than to go through the fiscal burden of re-manufacturing the shirts or researching a better design or manufacturing method.

29: Hanes acted deceptively and fraudulently in the manufacture, market and sale of their product and therefore, are liable under the Illinois consumer fraud and deceptive business practice act.

30: Keefe and Access Co. knowingly purchased a product from Hanes that they knew was defective and packaged/marketed fraudulently. Keefe and Access company capitalized off that falsehood.

31: Keefe and Access worked in tandem with Hanes and presented the product deliberately to sell it by purporting it to be what the label advertised it to be (which it was not) for the purpose of loading up on inventory and increasing profit.

32: Keefe and Access co. knowingly and intentionally ventures to buy defective and factory reject products from companies in order to deceive and take advantage of prisoners and to obtain profit.

33: Keefe and Access co. acted deceptively and fraudulently in the marketing, distribution and sale of their product and therefore are liable under the Illinois consumer fraud and deceptive business practice act.

34: These companies' actions caused injury to the plaintiff as a consumer.

## COUNT 2

## STRICT LIABILITY UNDER DEFECTIVE DESIGN AGAINST HANESBRANDS INC.

35: Plaintiff incorporates by reference paragraphs 1-34 as though fully set forth in this count 2.

36: The Hanes tagless t-shirt with lay flat collar design is defective. It failed to perform as a normal consumer would expect. In that, a consumer would not expect t-shirts to be stretched and worn out upon purchase, or for the stretching to worsen after even 1 wash. Especially one as advertised to have a collar that will "never" lose its shape and a shirt with a "perfect fit" every time.

37: Hanes could have changed the way their product is designed and the way its manufactured to ensure consistency in demension, size, shape and continuity and equally as important, to be in lockstep with what is advertised and promised. But here, they clearly did not.

38: Hanes is strictly liable for their products defective design.

COUNT 3

STRICT LIABILITY UNDER BREACH OF WARRANTY
AGAINST HANESBRANDS INC.

39: Plaintiff incorporates by reference paragraphs 1-38 as though fully set forth in this count 3.

40: On August 1, 2018 plaintiff sent notification to Hanesbrands regarding the condition of their product, and the inconsistency and false nature of their packaging. They were thus notified of their breach of warranty.

41: Hanesbrand, in their packaging, conveyed a promise and a warranty to the consumer. By stating the lay flat collar will "never lose its shape" and "preshrunk cotton for a perfect fit wash after wash" and went on by guaranteeing satisfaction of this product in the packaging. Not only did they know that this statement was false, they breached the warranty that was expressed in their package.

42: Not surprisingly, after they were notified of their breach of warranty, Hanes continues to churn out yet more defective shirts to Keefe and Access company and continue to sell the same shirts at (at least) Pinckneyville Correctional center.

43: Hanes is liable for Breach of Warranty expressed to Plaintiff.

COUNT 4

UNJUST ENRICHMENT AGAINST HANESBRANDS INC., KEEFE GROUP L.L.C., AND ACCESS CATALOGUE COMPANY

44: Plaintiff incorporates by reference paragraphs 1-43 as though fully set forth in this count 4.

45: Hanesbrands manufactured this product which they knew was defective and a factory reject and decided to target its sale , in its defective form to inmates with the help of Keefe and Access co. to save on costs associated with reproduction or re-manufacturing for profit.

46: Hanes knew of the products condition and defective state and made a choice to package it in a package that purported it to be something it was not, and perform a function they knew it could not perform. They packaged it deceptively to obtain profit.

47: They benefited revenue off of selling a fraudulent product to the detriment of the plaintiff (and others) as consumers which is his legal right as a consumer to be informed of the true nature and risks of a product. And further because of the circumstances of his incarceration of not having an option over whats offerred to him to purchase on the commissary.

48: Keefe and Access co. conducts business like this regularly. They ventured with Hanes to take the rejects and defective shirts off their hands for profit.

49: Keefe and Access co knowingly sold plaintiff a defective and fraudulent product that they knew was not what its marketing and packaging purported it to be.

50: Keefe and Access co retained increased profit and revenue by selling this fraudulent and deceptive product to the detriment of the plaintiff.

51: The retention of benefits and profits Hanes, Keefe and Access Co. aquired by use of this unlawful practice violates the principles of justice, equity and good concience.

52: Keefe, Access and Hanes were unjustly enriched at a cost of plaintiffs detriment.

## COUNT 5

## FRAUDULENT CONCEALMENT AGAINST HANESBRANDS INC., KEEFE GROUP L.L.C., AND ACCESS CATALOGUE COMPANY

53: Plaintiff incorporates by reference paragraphs 1-52 as though fully set forth in this count 5.

54: Hanes, Keefe and Access Co. were under a duty to disclose all material facts about their products defective condition to the Plaintiff.

55: Instead, they decided to do the opposite. Conceal their products defective state by packaging it with a label that announces the complete opposite.

56: Hanes acted deceptively in packaging their product, in order to induce sale of the product to the consumer. While at the same time, omitting its true nature.

57: Keefe and Access co acted deceptively in facilitating and entering into an agreement or business venture with Hanes to specifically target people under duress. Inmates. People with not much of a choice, for profit.

58: Hanes, Keefe and Access Co. relied upon their packagings misrepresentations when selling it to plaintiff. To entice him (and others) to buy a t-shirt that purported to last and "never lose its shape" and a "perfect fit".

59: Further, Keefe, Access and Hanes knew of the products state, and knew the condition in which the product was, would require an individual to keep having to purchase the product because it stretches more and more after repeated washing.

60: The deception, concealment and fraud in regards to the state of their product and its fraudulent marketing and distribution occurred in the course of conduct involving interstate trade and commerce.

61: Hanes, Keefe and Access Co's fraud proximately caused plaintiffs injury as a consumer.

62: Keefe, Hanes and Access Company are liable for fraudulent concealment.

COUNT 6

NEGLIGENT MISREPRESENTATION AGAINST HANESBRANDS INC., KEEFE GROUP L.L.C., AND ACCESS CATALOGUE COMPANY

63: Plaintiff incorporates by reference paragraphs 1-62 as though fully set forth in this count 6.

64: Hanes, Keefe and Access Co. had a duty to convey true and accurate information to plaintiff, IDOC and the public.

65: The Defendants were careless and negligent in asserting the truth of their statements. That their product has a collar that will never lose its shape and has a perfect fit everytime no matter how many times it's washed, which they knew was false on top of omitting the present condition which cannot be determined by just looking at an unopened package.

66: Keefe, Hanes and Access co negligently misrepresented their product to the public and to the consumer.

## CONCLUSION

This is a specially unusual case of consumer fraud where three companies come together, with a equally common and sinister goal. To take advantage of a particularly vunerable type of consumer, who is helpless to what they are able to purchase. They ceased the opportunity to package their factory rejects that the average consumer would certainly avoid and knowingly placed them into a packaging that falsely represented it to be something it was not. Defrauding people who are very much consumers in the eyes of the law. It's an abuse of a duty owed to the public and a discredit to the profession. Plaintiff was injured as a result of these companies brazen fraud. Given the defendants actions and the size and affluence of their companies, plaintiff seeks compensatory and punitive damages not only to reasonably compensate plaintiff but to punish, and deter the defendants, and other companies from doing the same.

*Plaintiff certifies that the statements made herein are true and correct to the best of his knowledge, information and belief in compliance with 28 U.S.C.§1746 and Rule 11 Fed.R.Civ.P*

RESPECTFULLY SUBMITTED,

S/

Dated: September,30,2018

Firas Ayoubi #R66956
Pcc
5835 State Route 154
Pinckneyville,IL,62274

NOTIFICATION OF BREACH OF WARRANTY

To: Hanesbrands Inc.

From: Firas Ayoubi

Re: Product design, labeling, and breach of warranty

I'm writing to notify you that I recently purchased your product. I would estimate I purchased it a few to several times recently. Its identified as "tagless t-shirts" with "lay flat collar". Your label/packaging alleges it has a "lay flat" collar that "will never lose its shape". In reality, you collars come very thin. Not at all like the photo on the front of the packaging. It comes with a mishaped collar that gets further mishaped and stretched immediately after washing ( in accordiance with your washing intructions ). I paid roughly $15.00 every time I went out and purchased your product. I was expecting that maybe not all of them were defective. Turns out that they all were in fact defective. Please consider this as your notification of your breach of warranty as required under Illiinois law 810 ILCS 5/2-607(3)(a) and the UCC.

Sincerely,

s/

Dated: July 31,2018

Firas Ayoubi #R66956
Pinckneyville, c.c
5835 State Route 154
Pinckneyville IL 62274

Firas Ayoubi
#R66956
Pinckneyville C.C.
5835 State Route 154
Pinckneyville, IL, 62274

Sent on 8/1/2018

FOREVER
USA

Hanesbrands Inc.
Attn: Customer Services
PoBox: 3013
Winston-Salem, NC, 27102

SCANNED AT PINCKNEYVILLE CC and E-mailed 10/4/18 by CB 12 pages
date Initials No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Firas Ayoubi — Name

R66956 — ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition? (Yes) or No

If this is a habeas case, please circle the related statute: 28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition? Yes or (No)

If yes, please list case number: __________

If yes, but you do not know the case number mark here: __________

3. Should this document be filed in a pending case? Yes or (No)

If yes, please list case number: __________

If yes, but you do not know the case number mark here: __________

4. Please list the total number of pages being transmitted: 12

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages

| Name of Document | Number of Pages |
|---|---|
| 1983 Complaint | 12 |
| | |
| | |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.