UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FIRAS M. AYOUBI,

    Plaintiff,

v.

HANESBRANDS INC., KEEFE GROUP LLC,
and ACCESS CATALOGUE COMPANY,

    Defendants.

Case No. 18-cv-1806-JPG-MAB

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

This matter comes before the Court on a variety of matters.

In this case, plaintiff Firas M. Ayoubi has sued three private entities under several tort theories based on tee-shirts he claims were defective. He purchases multiple shirts at a cost of $16.00 per 3-pack from the commissary at Pinckneyville Correctional Center. He claims that the defendants represented that the shirts had a "lay flat collar" that "will never lose its shape" and would have a "perfect fit" when they did not, in fact, lay flat, keep their shape, or fit perfectly. He asserts claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.* (Count 1), strict product liability (Count 2), breach of warranty (Count 3), unjust enrichment (Count 4), fraudulent concealment (Count 5), and negligent misrepresentation (Count 6). He seeks compensatory and punitive damages for his tee-shirt purchases.

**I.    Pending Motion for Review (Doc. 6)**

This matter comes before the Court on Ayoubi's motion for review under 28 U.S.C. § 1915A (Doc. 6). That statute states, "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from *a governmental entity or officer or employee of a governmental entity*"

(emphasis added). Ayoubi is a prisoner, but his case is not against "a governmental entity or officer or employee of a governmental entity," so § 1915A does not apply. Accordingly, the Court will deny the motion for review under § 1915A (Doc. 6).

## II.    Jurisdiction

The Court also addresses its jurisdiction to hear this case. In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following problems in the jurisdictional allegations of Ayoubi's complaint.

1. **Failure to allege citizenship of inmate.** A complaint asserting diversity jurisdiction must allege the citizenship of individual parties. 28 U.S.C. § 1332(a)(1). When a suit is brought by a prison inmate, the citizenship of the inmate is "the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." *Singletary v. Cont'l Ill. Nat'l Bank*, 9 F.3d 1236, 1238 (7th Cir. 1993); *see Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). It is not necessarily the state in which he is incarcerated. *Singletary*, 9 F.3d at 1238. It is unclear whether Ayoubi claims to be a citizen of Illinois because it is the state of his incarceration or whether he was an Illinois citizen before he was sent to prison and does not plan to live elsewhere when he gets out.

2. **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). Ayoubi states addresses for defendants Hanesbrands Inc. and Access Catalogue Company, but he does not specifically allege the state of each company's principal place of business or the state of each company's incorporation.

3. **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See Carden v. Arkoma Assocs.*, 494 U.S. 185,

195-96 (1990); *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Ayoubi fails to allege the citizenships of every member of defendant Keefe Group LLC.

4. **Failure to allege the requisite amount in controversy.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. A pleading must allege facts plausibly suggesting that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Ayoubi's pleading of facts to support damages he claims to have suffered from defective tee-shirts, even if punitive damages were included, do not plausibly suggest that the amount in controversy exceeds $75,000, exclusive of interest and costs.

The Court will allow Ayoubi up to and including March 15, 2019, to amend his complaint to correct the jurisdictional defects. *See* 28 U.S.C. § 1653. Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Ayoubi is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

### III. Service of Process

There is no evidence in the record that service of process has been effected upon any of the defendants within 90 days after the filing of the complaint, as prescribed by Federal Rule of Civil Procedure 4(m). Accordingly, the Court will order Ayoubi to show cause on or before March 15, 2019, why his claims should not be dismissed without prejudice for failure to timely effect service. Failure to respond in a timely manner to this order will result in dismissal of this case.

Should Ayoubi want the Court's assistance in accomplishing service, he may file a motion for the Court to order service pursuant to Federal Rule of Civil Procedure 4(c)(3) explaining why he needs the Court's assistance. In that motion, he should also ask for an extension of the time for service under Rule 4(m) since the 90-day service period has passed. The Court will direct the Clerk of Court to send Ayoubi a form "Motion for Service of Process at Government Expense."

## IV.    Conclusion

In sum, for the foregoing reasons, the Court:

- **DENIES** Ayoubi's motion for review under § 1915A (Doc. 6);

- **ORDERS** that Ayoubi shall have up to and including March 15, 2019, to amend his complaint to correct the jurisdictional defects;

- **ORDERS** Ayoubi to **SHOW CAUSE** on or before March 15, 2019, why his claims should not be dismissed without prejudice for failure to timely effect service; and

- **DIRECTS** the Clerk of Court to send Ayoubi a form "Motion for Service of Process at Government Expense."

**IT IS SO ORDERED.**
**DATED:  February _15, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
